UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KINDRED HOSPITALS EAST, LLC. d/b/a
Kindred Hospital - North Florida,

    Plaintiff,

vs.	Case No.  3:12-cv-307-J-37MCR

FOX-EVERETT, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss and for a More Definite Statement or in the alternative, Motion to Abate (Doc. 3) filed March 21, 2012.  Plaintiff filed its response in opposition to this Motion on March 29, 2012.  (Doc. 6).  On August 27, 2012, Judge Howard referred the Motion to the undersigned for preparation of a Report and Recommendation.  (Doc. 21).  Accordingly, the matter is now ripe for judicial review.

## I. BACKGROUND

On February 13, 2012, Plaintiff filed the Complaint in this case in state court alleging: (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) false information negligently supplied for guidance of others, and (4) promissory estoppel.

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

(Doc. 1).  According to the Complaint, Plaintiff, a long-term acute care hospital, contacted Defendant, an insurance provider, to ensure a potential patient (the "Subscriber") had adequate coverage.  A representative of Defendant informed Plaintiff that coverage was available and payment would be made to Plaintiff pursuant to Defendant's contract with Multi-Plan, Inc., a third party network.

After the Subscriber was discharged, Plaintiff billed its final claim to Defendant. Plaintiff received a letter from Defendant requesting a discount before it would pay. Plaintiff declined to give an additional discount because Defendant had already agreed to payment at the Multi-Plan rate, which was already a reduced rate.  The next day, Defendant asked Plaintiff for a W-9 in order to facilitate payment.  Plaintiff provided the W-9 form immediately.  However, a few days later, Defendant sent an Explanation of Benefits to Plaintiff indicating that it would not provide any payment because coverage was not effective for the dates of service at issue.   Upon further inquiry, Defendant explained that the Subscriber had other insurance through the Veteran's Administration (the "VA") and therefore, the Subscriber's insurance with Defendant had been retroactively terminated.

In response to the Complaint, Defendant filed the instant Motion to Dismiss (Doc. 3) and removed the action to this Court.  In the Motion to Dismiss, Defendant asks the Court to dismiss the Complaint in its entirety because the matter is not ripe as there has not yet been a judicial determination of coverage.  Alternatively, Defendant asks for abatement until the issue of coverage has been determined. (Doc. 5).  Finally, Defendant argues dismissal is appropriate as the Complaint fails to state a claim for relief.  Plaintiff responds that neither dismissal nor abatement are warranted because it

is not necessary to first determine coverage before this suit may be maintained. Further, Plaintiff claims it has sufficiently pled each of its claims and therefore, neither dismissal or filing of a more definite statement is necessary.

## II. ANALYSIS

As noted above, Defendant takes the position that the Complaint should be dismissed because the issue of coverage has not yet been decided.  It is Defendant's belief that before Plaintiff can maintain the instant action, a judicial determination regarding coverage must first be made.  If the Court does not decide to dismiss the Complaint in its entirety, Defendant asks that the action be abated until a determination on the issue of coverage is made.  Additionally, Defendant lists numerous deficiencies with each of the counts in the Complaint and asks the Court to dismiss them as well as Plaintiff's request for attorney's fees.  Finally, Defendant asks that if the Court does not believe dismissal is appropriate, it should nevertheless require Plaintiff to provide a more definite statement.  The Court will address each of these contentions.

**A.**     **Whether Plaintiff's Claims are Ripe**

First, Defendant argues the Complaint should be dismissed as no cause of action has yet accrued.  Defendant takes the position that "a cause of action against an insurance agent or broker[2] does not accrue until there has been a formal determination as to whether the insurance policy at issue provides coverage for the claimed loss." (Doc. 5, p.4).  Defendant claims Plaintiff is obligated to first determine whether Multi-

---

[2] The Court observes that Defendant is neither an agent or a broker.

Plan, Inc. or the VA will provide coverage for the services provided to the Subscriber before it may bring an action against Defendant.

Plaintiff responds that Defendant has mischaracterized its claims. Plaintiff is not seeking a determination that Defendant's rationale for denying payment was correct or even that there should have been coverage. Instead, Plaintiff is seeking damages from Defendant based on its misrepresentations of coverage. Plaintiff also points out that Multi-Plan is not an insurer, but rather, a third-party network through which Defendant was able to obtain a discounted rate for Plaintiff's services. Accordingly, Plaintiff cannot attempt to obtain payment from Multi-Plan. Finally, Plaintiff argues that were Defendant's position true, Defendant would be able to delay this litigation indefinitely by simply asserting coverage existed with multiple other insurers and requiring Plaintiff to first attempt to obtain payment from them.

The Court is not persuaded by Defendant's arguments. Defendant has not pointed to and the Court could not find any authority for the proposition that a plaintiff must first attempt to obtain payment from an alternate insurer prior to bringing a claim based on the alleged misrepresentations of an insurer. Unlike the cases cited by Defendant, in the instant case, Plaintiff has incurred damages in that it provided services to Subscriber based on Defendant's assertion that it would provide coverage for said services. Plaintiff attempted to obtain payment from Defendant and was unable to do so. Accordingly, the undersigned will not recommend this case be dismissed or abated until Plaintiff first attempts to obtain payment from the VA or any other insurer.

**B.     Whether Plaintiff's Claims are Properly Pled**

Defendant also argues Plaintiff's claims should be dismissed because they are not sufficiently pled. In the alternative, Defendant asks that Plaintiff be required to provide a more definite statement.

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). Moreover, the Court must limit its consideration to the complaint and the written instruments attached to it as exhibits. Rule 12(d), Fed.R.Civ.P.; GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).

To withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). To determine whether a plaintiff has accomplished this, the Court engages in a two-step approach: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Furthermore, under Rule 12(e), Fed.R.Civ.P., "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The federal system employs notice pleading and therefore, motions for a more definite

statement are generally disfavored.  Scarfato v. National Cash Register Corp., 830 F.Supp. 1441, 1443 (M.D. Fla. 1993).  The pleading must be so vague or ambiguous that "the party cannot reasonably be expected to respond."  Id.  The basis for requiring a more definite statement is not that the complaint lacked details, but rather that the complaint is unintelligible and the defendant is unable to respond.  S.E.C. v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000).  Only if a defendant is unable to respond by a simple denial "in good faith, without prejudice," will the Court grant a motion for more definite statement.  Id.  Moreover, pleadings are not too vague or ambiguous to enable a defendant to frame a responsive pleading where the type of information the defendant claims is missing would be more properly obtained via discovery rather than through a motion for a more definite statement.  See Eye Care Intern., Inc. v. Underhill, 92 F.Supp.2d 1310, 1316 (M.D. Fla. 2000).[3]

### 1.    Count I: Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation, a plaintiff must plead four elements: "'(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.'"  Butler v. Yusem, 44 So.3d 102, 105 (Fla. 2010) (quoting Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985)).  In the instant case, Defendant alleges

---

[3] To the extent Defendant argues Plaintiff should be required to provide a more definite statement because the Complaint states in one paragraph that Plaintiff provided treatment to the Subscriber for several months and in another paragraph, it states that the Subscriber was a patient from October 15 to November 16, 2011, the Court does not agree.  While the statement that Plaintiff provided Subscriber with treatment for several months may not be entirely accurate, Plaintiff's Complaint is not unintelligible such that Defendant cannot respond.

Plaintiff failed to properly plead a claim for fraudulent misrepresentation because the Complaint does not satisfy the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b), Fed.R.Civ.P.  Rule 9(b) is "satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).  The purpose of these requirements is to alert defendants "to the precise misconduct with which they are charged" and to protect defendants "against spurious charges of immoral and fraudulent behavior."  Id.

In arguing Plaintiff has failed to satisfy the heightened pleading standard of Rule 9, Defendant takes issue with paragraph 23 of the Complaint, which alleges:

> If [Defendant's] current position is correct, [Defendant's] representations were false, and, on information and belief, [Defendant] knew that they were false or was recklessly indifferent to their falsity when it made them. [Plaintiff] is informed and believes, and on that basis alleges, that [Defendant] at all times intended to manufacture an excuse designed to reduce, delay, and/or deny payment to [Plaintiff].

(Doc. 2, ¶23).  Defendant takes the position that in alleging a cause of action for fraud, a plaintiff may not plead allegations upon information and belief.  (Doc. 5, p.11).  To support this contention, Defendant cites the case of Doyle v. Flex, 210 So.2d 493 (Fla.

4th DCA 1968).  However, nowhere in the Doyle case is there any mention of allegations made upon information and belief.  Further, the Doyle case does not even deal with fraud.

Plaintiff, on the other hand, cites to United States ex rel. Heater v. Holy Cross Hosp., Inc., 510 F.Supp.2d 1027 (S.D. Fla. 2007) which holds:

> "Rule 9(b)'s heightened pleading standard may be applied less stringently, however, when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'"  In that situation, a plaintiff's complaint may be plead upon information and belief provided that the legal theory is supported "'with factual allegations that make [her] theoretically viable claim plausible.'"

Id. (internal citations omitted) (quoting Hill v. Morehouse Medical Assocs., Inc., No. 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003) (in turn quoting United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc., 755 F.Supp. 1040, 1052 (S.D. Ga. 1990)).

In the instant case, Plaintiff's Complaint satisfies Rule 9(b)'s purpose of alerting Defendant to the precise misconduct with which it is being charged.  Moreover, the facts alleged upon information and belief are within Defendant's knowledge or control and Plaintiff's theory is supported with sufficient factual allegations to make it plausible.  Therefore, the undersigned believes Count I for fraudulent misrepresentation is sufficiently pled to withstand Defendant's motion to dismiss and/or motion for more definite statement.

### 2.	Count II: Negligent Misrepresentation

In order to state a claim for negligent misrepresentation, a plaintiff is required to show: (1) misrepresentation of a material fact; (2) that Defendant knew of the misrepresentation, made the misrepresentation without knowledge as to its truth or falsity, or made the misrepresentation under circumstances in which it ought to have known of its falsity; (3) Defendant intended the representation would induce Plaintiff to act on it; and (4) injury to Plaintiff because it acted in good justifiable reliance on the misrepresentation. Payroll Management Inc. v. Lexington Ins. Co., No. 3:10-cv-471, 2011 WL 1405146, *4 (N.D. Fla. Apr. 13, 2011) (quoting Birdsong v. Ehlke, No. 5:10-cv-196, 2010 WL 5141774 (N.D. Fla. Dec. 13, 2010)).

Defendant argues Plaintiff has insufficiently pled that the statements made by Defendant were false. Specifically, Defendant believes paragraph 33 of the Complaint is ambiguous. That paragraph provides: "[o]n information and belief, [Defendant] believed its representations to be true, but, if [Defendant's] current position is correct, they were in fact false." (Doc. 2, ¶33). Plaintiff responds that this paragraph is not ambiguous and the Court agrees. Defendant is certainly able to fashion a response to this allegation and therefore, it is not ambiguous. As such, neither dismissal or a more definite statement is warranted with respect to this count.

### 3.	Count III: False Information Negligently Supplied for the Guidance of Others

Defendant asks the Court to dismiss this claim on the basis that "no such cause of action exists under Florida law." (Doc. 5, p.13). Additionally, Defendant argues that the claim is duplicative of Plaintiff's claim for negligent misrepresentation and should

therefore, be dismissed. Plaintiff responds that the Florida Supreme Court expressly recognized a cause of action for "Information Negligently Supplied for the Guidance of Others" in Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 337-39 (Fla. 1997). Further, Plaintiff points out that while this cause of action is similar to a claim for negligent misrepresentation, they are not identical. Indeed, a claim for information negligently supplied for the guidance of others requires the defendant to have supplied the false information during "the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest." Gilchrist Timber Co., 696 So.2d at 337 (quoting Restatement (Second) of Torts §552 (1977)). Claims for negligent misrepresentation have no such requirement.

While the Court is not convinced there are any meaningful distinctions between the two causes of action in the instant case, it will nevertheless recommend denial of Defendant's Motion to Dismiss with respect to Count III at this time.

### 4.     Count IV: Promissory Estoppel

To state a claim for promissory estoppel, a plaintiff must allege the following elements: (1) "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person, (2) the promise "does induce such action or forbearance," and (3) "injustice can be avoided only by enforcement of the promise." Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1067 (Fla. 2001). Defendant argues Plaintiff has failed to allege the necessary elements for a claim of promissory estoppel. Specifically, Defendant contends the Complaint fails to allege that it made any promise with the intent to induce action on the part of Plaintiff. However, as Plaintiff points out, no such allegation was necessary as intent to induce

action is not an element of promissory estoppel.  See Blumberg, 790 So.2d at 1067.  Instead, Plaintiff was only required to allege that Defendant should have reasonably expected the promise to induce action.  Id.

In paragraphs 50 and 51 of the Complaint, Plaintiff alleges Defendant provided it with verification of insurance coverage and continuing authorizations for services provided to the Subscriber "with the knowledge that [Plaintiff] would reasonably be induced to rely on [Defendant's] representations, in that it would admit the Subscriber into its facility and provide the Subscriber with care and treatment."  (Doc. 2, ¶¶ 50-51).  By alleging Defendant made promises with the knowledge that such promises would induce Plaintiff to take certain actions, and by further alleging that Plaintiff was in fact induced to take the expected actions, causing it to suffer injury when the promises were not fulfilled, Plaintiff has adequately pled the necessary elements of its claim of promissory estoppel.  As such, the undersigned will not recommend dismissal of Count IV.

### 5. **Plaintiff's Claims for Attorneys' Fees**

Finally, Defendant asks the Court to strike Plaintiff's claims for attorneys' fees.  Defendant points out that in each count, Plaintiff seeks an award of its attorneys' fees.  Defendant argues this is not appropriate as Plaintiff has failed to point to a statutory or contractual basis for attorneys' fees.  Plaintiff responds by noting that it may be entitled to fees under Florida Statute §57.105, which authorizes the award of attorneys' fees to a prevailing party as sanctions for raising unsupported defenses.  Therefore, the undersigned will recommend denial of Defendant's request to strike the claims for attorneys' fees.  See Novak v. Ackley, Ackley & Wise, D.M.D.'s, P.A., No. 8:06-cv-1673,

2006 WL 3313852, at *3 (M.D. Fla. Nov. 15, 2006) (denying motion to strike attorneys fees premised on Florida Statute §57.105).

Accordingly, after due consideration, it is respectfully

**RECOMMENDED**:

Defendant's Motion to Dismiss and for a More Definite Statement or in the alternative, Motion to Abate (Doc. 3) be **DENIED**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this   4th   day of October, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia M. Howard,
   United States District Judge

Counsel of Record