**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KINDRED HOSPITALS EAST, LLC,

    Plaintiff,

vs.                                                 Case No.  3:12-cv-307-J-99MMH-MCR

FOX-EVERETT, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 27; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on October 4, 2012.  In the Report, Magistrate Judge Richardson recommends that the Defendant's Motion to Dismiss and for a More Definite Statement or in the alternative, Motion to Abate (Dkt. No. 3) be denied.  See Report at 12.  Plaintiff has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Rule 72(b), Federal Rules of Civil Procedure (Rule(s)), advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam).  Therefore, if no specific objections to findings of facts are filed, the district court  is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  However,

the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[1] Accordingly, it is hereby **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 27) is **ADOPTED** as the opinion of the Court.

2. Defendant's Motion to Dismiss and for a More Definite Statement or in the alternative, Motion to Abate (Dkt. No. 3) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of November, 2012.

*[signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

---

[1] In denying the Motion to Dismiss as to Count III, the Court expresses grave reservations as to whether a claim for "False Information Negligently Supplied" is separate and distinct from the claim for negligent misrepresentation as set forth in Count II. See Gilchrist Timber Co. v. ITT Rayonier, Inc., 127 F.3d 1390, 1397-8 (11th Cir. 1997) (recognizing that the Florida Supreme Court has found that a party who negligently transmits false information may be held liable "when the recipient is able to establish a negligent misrepresentation cause of action as set forth in the Restatement (Second) of Torts section 552 (1997).") (quoting Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 335 (Fla. 1997)) (internal quotations omitted). Nevertheless, at this stage of the proceedings, and in the absence of a definitive statement from the state courts regarding the existence of a separate cause of action, the Court declines to dismiss Count III at this stage of the proceedings. See In Re: Standard Jury Instructions in Civil Cases, 35 So.3d 666, 755 (Fla. 2010) ("the committee takes no position as to whether there are separate and distinct causes of action for negligent misrepresentation under Restatement (2D) of Torts § 552 and false information negligently supplied under common law.")

em

Copies to:

Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record